United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1806

_____

Alton W. Bruns, An Individual;           *
                                         *
          Plaintiff - Appellant,         *
                                         *
Werner Enterprises, Inc., a Nebraska     *
Corporation,                             *
                                         *   Appeal from the United States
          Plaintiff,                     *   District Court for the
                                         *   District of Nebraska.
     v.                                  *
                                         *
Amana, an Iowa Corporation, also         *
known as Speed Queen Company;            *
International Paper Company, a            *
New York Corporation,                    *
                                         *
          Defendants - Appellees.        *

_____

Submitted:  November 21, 1997
    Filed:  December 18, 1997

_____

Before BOWMAN and MURPHY, Circuit Judges, and CONMY,[1] District Judge.

_____

BOWMAN, Circuit Judge.

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota, sitting by designation.

Alton Bruns appeals the order of the District Court[2] denying his request for a jury trial. Bruns also appeals the judgment of the District Court[3] in favor of defendant International Paper on his product liability claim.

Bruns originally filed tort claims against Amana and International Paper.[4] Amana removed the action to federal court. Ten months after the last answer was filed in federal court, Bruns filed a motion requesting a jury trial. The magistrate judge to whom the case was assigned for pre-trial matters denied the motion as untimely. Bruns appealed the ruling to the District Court pursuant to 28 U.S.C. § 636(b)(1)(A) (1994). The court affirmed the magistrate judge's denial. The case proceeded to a bench trial, wherein the court found in favor of the defendants on Bruns's tort claims. This appeal followed.

I.

Bruns argues that the District Court erred in sustaining the magistrate's order denying a jury trial. Bruns claims he was not required to demand a jury trial under Federal Rule of Civil Procedure 81(c). We disagree.

Rule 81(c) provides in part that:

If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by

---

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

[3]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

[4]International Paper now remains the only defendant.

jury, they need not make demands after removal <u>unless the court directs that they do so</u> within a specified time if they desire to claim trial by jury.

Fed. R. Civ. P. 81(c) (emphasis added). It is not disputed that under Nebraska law Bruns would have been entitled to a jury trial in state court without the need to make an express demand. <u>See</u> Neb. Rev. Stat. § 25-1104 (1995) ("Issues of fact . . . shall be tried by a jury unless a jury trial is waived . . . ."). Thus, unless the court directed that Bruns expressly demand a jury trial within a specified time, under Rule 81(c) he is automatically entitled to a trial by jury in federal court without the need to make an express demand.

The District Court's Local Rule 81.2 provides that, in actions removed from state court, a party must file a demand for a jury trial within ten days after service of notice of removal or ten days after service of the answer, whichever is later. Under this rule, Bruns filed his demand 299 days late. "Failure to make demand as directed herein constitutes waiver of trial by jury." Local Rule 81.2.

The issue in this case is whether the court "directed" Bruns to make an express demand for a jury trial in order to invoke the right. <u>See</u> Fed. R. Civ. P. 81(c). We hold that Local Rule 81.2 was a directive by the District Court, which required Bruns to file an express demand for a jury trial. Local Rule 81.2 specifically provides that parties must make an express demand for a trial by jury. The effect of the local rule is that the court in each case directs parties desiring a trial by jury to make an express demand to invoke the right when their case is removed to federal court. It is frivolous to contend that the district court must separately direct, in every case, that the parties follow the local rule; yet that is the result if we accept Bruns's argument. Furthermore, contrary to Bruns's assertion, at least one other circuit has decided this issue. <u>See</u> <u>O'Malley v. United States Fidelity & Guar. Co.</u>, 776 F.2d 494, 501 (5th Cir. 1985) ("[T]he Rule 81(c) directive can be found in the [Mississippi] Local Rules [requiring a written request for jury trial in removal cases] . . . .").

Bruns's failure to timely demand a jury trial in accordance with the local rule constituted a waiver of the right. The District Court was correct in affirming the magistrate's order.

## II.

Bruns next argues that the District Court's judgment in favor of International Paper was inconsistent with its own findings and contrary to the evidence presented at trial. After careful review of the record, we conclude that an extensive discussion is not warranted. We are satisfied the District Court's findings that the product was not unreasonably dangerous and that any defect in the product was not the proximate cause of Bruns's injury are not clearly erroneous. <u>See</u> 8th Cir. R. 47B.

## III.

For the reasons stated, the appealed order and judgment of the District Court are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.